DAUKSCH, Judge,
dissenting:
I respectfully dissent.
In my opinion the legislature could not have meant to define a motorcycle, whether “occupied” or not, as a structure. It is almost a given that no one, but perhaps an appellate court interpreting a legislative enactment, would logically or reasonably call a motorcycle a structure.
In order to give a reasonable interpretation to the legislative intent I think we should treat the matter just as did the trial judge and the lawyer, both intelligent, reasonable persons. The principal and guiding portion of the statute says a structure is “... where persons are normally present ...” and then goes on to mention buildings we all commonly think of as structures. Where the state and the majority get hung up is in the last part of the statute where it says “vehicle, vessel, watercraft or aircraft.” All of these in some of their forms can be, and some are, inhabited and burned down. The statute means to more severely punish those who burn structures which can be inhabited, that is clear to me. A motorcycle “vehicle” is not a structure which can be inhabited; nor is a surf-board “watercraft”; nor is an ultra-light “aircraft”; nor is a “vessel” of wine.
I would not pass the question to the supreme court without ruling; I would affirm.